UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RODRIGUEZ,<br>Plaintiff,<br>v.<br>JUAN MONDUL, et al.,<br>Defendants. | No. 2:26-cv-02238-DC-CKD (PS)<br><br>ORDER |

This action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff Armando Rodriguez's pro se complaint is before the court for screening. (ECF No. 1) Plaintiff also filed an application to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915 and is granted. Plaintiff's complaint must be dismissed, but plaintiff is granted leave to file an amended complaint as set forth below.

**I. Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000).

## II. The Complaint Must be Dismissed

Plaintiff's contains only a brief timeline referencing "unauthorized property modifications (20 locations)[,]" "outstanding unpaid logo usage fees" and "Cease and Desist issued to Defendants" all on January 2, 2025. (ECF No. 1 at 1-2.) This does not suffice as a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The court is unable to discern what federal causes of action plaintiff intends to bring against the defendants and what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff alleges his claims have federal jurisdiction because he brings this action under 42 U.S.C. § 1983 to redress deprivations of right secured by the Constitution and laws of the United States. (ECF No. 1 at 1.) To state a claim for a violation of federal constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff does not state a claim under 42 U.S.C. § 1983 because he does not allege any specific violation of constitutional rights or federal law. Plaintiff also does not allege defendants engaged in any conduct by or for a state government. Thus, plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983.

## III. Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires). An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

////

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: September 25, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 rodr26cv2238.scrn